■ In the Matter of FRANCISCO INFANTE, Doing Business as INFANTE GROCERY, Petitioner, v STATE OF NEW YORK DEPARTMENT OF HEALTH, Respondent.—Proceeding pursuant to CPLR article 78 transferred to this court by order of the Supreme Court, New York County (Jawn Sandifer, J.), entered July 12, 1989, to review a determination of the respondent, Department of Health, which disqualified petitioner from participat-

ing in the Special Supplemental Food Program for Women, Infants and Children (WIC) and imposed a civil penalty of $3,900, is unanimously dismissed and the determination confirmed, without costs.

Substantial evidence exists to support respondent's determination that petitioner, the owner of a retail grocery store and a participating vendor in respondent's WIC program, accepted WIC checks without writing the purchase price on the check at the time of purchase or in the presence of the purchaser, redeemed WIC checks at a price in excess of the authorized purchase price, accepted WIC checks without verifying the customer's signature against the customer's identification card, and accepted WIC checks for items not specified on the checks. There was also sufficient proof that the contract between petitioner and respondent that was in effect at the time of these violations was the same in all material respects as that submitted in evidence; nor did respondent's renewal of this contract subsequent to the violations charged against petitioner estop it from making those charges and penalizing petitioner for them (see, Matter of Parkview Assocs. v City of New York, 71 NY2d 274). The penalty is not unduly harsh. Petitioner overcharged for food items each of the four times the investigator visited his store, conduct which obviously had a detrimental impact on the program's resources, and for which petitioner could have been fined as much as $13,000. Concur—Kupferman, J. P., Asch, Wallach, Smith and Rubin, JJ.