■ In the Matter of Carro's Limousine Service, Inc., Petitioner, v Town of Oyster Bay et al., Respondents. [670

NYS2d 554] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Town Board of Oyster Bay, dated August 6, 1996, which, after a hearing, affirmed the decision of the Town Clerk of the Town of Oyster Bay, denying the petitioner's application for renewal of its license to operate a limousine service for the years 1995 through 1997.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

It is well settled that estoppel may not be invoked against a municipality to prevent it from discharging its statutory duties or for the purpose of preventing the municipality from rectifying an administrative error (*see, Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, 282, *cert denied* 488 US 801; *see also, McGannon v Board of Trustees,* 239 AD2d 392; *Baris Shoe Co. v Town of Oyster Bay,* 234 AD2d 245, 246).

The petitioner was granted a limousine license from 1983 through February 1993, and operated its business from a residence for 10 years in reliance upon this license. It is undisputed that the petitioner's prior licenses were issued in error and that the operation of a limousine business in a residential zone violates the zoning laws of the Town of Oyster Bay (*see,* Town of Oyster Bay Zoning Code § 246-135 *et seq.*). In light of these facts, the Town of Oyster Bay (hereinafter the Town) cannot be estopped from enforcing its zoning laws by denying the petitioner's application for renewal of his license to operate a limousine business from this residential location (*see, Matter of Parkview Assocs. v City of New York, supra,* at 282).

The Town's denial of the petitioner's license to operate a limousine business was neither arbitrary nor capricious and was based on substantial evidence.

The petitioner's remaining contentions are without merit. Bracken, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.