OPINION OF THE COURT
Arthur W. Lonschein, J.
*696 In this action, the City of New York seeks a permanent injunction pursuant to the Nuisance Abatement Law (Administrative Code of City of NY § 7-701 et seq.) on the grounds that the defendant is operating as an adult establishment in violation of section 42-01 of the Zoning Resolution of the City of New York. The defendant operates an adult bookstore which features “adult” books, “adult” videos depicting males and females in sexual activity and the sale of replicas of human genitalia. In addition, the establishment maintains on its premises video booths for reviewing the video merchandise for sale. There is no dispute that the entire premise is occupied entirely for the sale of literature and videos and materials which place an emphasis upon the depiction of “specified sexual activities” and “specified anatomical areas” as defined in section 12-10 of the Zoning Resolution. The adult use provisions of the Zoning Resolution prohibit adult establishments in certain zoning districts, or within 500 feet of certain “sensitive receptors,” which include places of worship, residential districts and schools.
In the matter now before the court, the City seeks a temporary closing order and preliminary injunction to shut down the business, immediately and pendente lite, pursuant to Administrative Code §§ 7-707 and 7-711 which permit such relief upon a showing of clear and convincing evidence of a violation of law. It is the position of the City that the maintenance of the establishment violates the Zoning Resolution since it operates within 500 feet of a school and should be shut down. The adult use provisions of the Zoning Resolution prohibit adult establishments in certain zoning districts, or within 500 feet of certain “sensitive receptors” such as places of worship, schools, residential districts and so on. The establishment itself is located neither in a residential district nor within 500 feet of such a district, but rather it is located in a manufacturing district. In such a district, the operation of adult establishments is not prohibited, unless the establishment is within 500 feet of a “sensitive receptor.” It is the claim of the City that it has proven by clear and convincing evidence that “Loveshack” is located within 500 feet of a “sensitive receptor,” to wit, the “International High School.”
It must be noted that prior to the institution of this action, the Commissioner of the Department of Buildings generated a list, addressed to a Deputy Mayor of the City of New York, entitled “Legal Adult Establishments,” which evaluated the legality of various establishments. This list included “XXX *697 Video” at 31-17 Queens Boulevard, the address of “Loveshack,” as an “existing adult establishment that appears to not violate zoning.” The date of that memorandum was February 24, 1998. These proceedings were instituted by the service of the summons and an order to show cause on August 26, 1999, some 14 months after the City made the observation that the premises were not in violation of the law. While it might appear that the City is now taking an inconsistent position, by alleging the operation of “Loveshack” is in violation of law after first determining it was not, a municipality is not held to the strict standards of equitable estoppel applicable to individuals. The doctrine of equitable estoppel may not be invoked against a municipality to prevent it from discharging its statutory duties (Matter of Parkview Assocs. v City of New York, 71 NY2d 274, cert denied 488 US 801). In Parkview the Court of Appeals held that a mistake by a municipality in issuing a building permit does not estop it from correcting errors with harsh results. Although the City is not estopped from enforcing its Zoning Resolution against the defendants, I will consider what may be its inconsistent position as bearing on whether it has established its case by “clear and convincing evidence” as required by the statute. This higher standard of proof of clear and convincing evidence must be met before relief to the City may be granted and is statutory (Administrative Code § 7-710 [a]). Clear and convincing evidence has been defined as an evidentiary requirement that operates “ ‘ “as a weighty caution upon the minds of all judges, and it forbids relief whenever the evidence is loose, equivocal or contradictory.” ’ ” (Backer Mgt. v Acme Quilting, 46 NY2d 211, 220.)
The defendant, in arguing that the City has not met its burden, that the “International High School” is not a high school in the traditional sense and does not fit within the definition of “school” as used in the statute and takes the position that it is not clear and convincing that the “International High School” is within the 500-foot standard set forth in the statute. The “International High School” is a school that caters to recently arrived immigrants whose primary language is not English. The school became a charter school and is no longer under the direct control of the New York City Board of Education. Its students range in age from 14 to 21. It is unlike other high schools in the City not only in the classification of its students but also in its curriculum. Its facilities are located within the buildings of the LaGuardia Community College, and its students may take college courses for credit. It does not *698 have athletic teams and does not sponsor other intermural athletic activities. It is undisputed that colleges do not fit within the Zoning Resolution’s definition of a school. Thus, the defendant argues, it is not clear that the City Council intended this nontraditional and unique school to fit the description of “school” in the Zoning Resolution.
Moreover, even if the “International High School” fits within the Zoning Resolution’s definition of “school,” the location of its facilities within the college buildings of the LaGuardia Community College raises a further substantial issue as to whether it is located within 500 feet of the defendants’ business.
The City argues that the measurement should be made from the defendants’ premises to the main entrance of the school building. The main entrance to the LaGuardia Community College is on Thomson Avenue in Long Island City. The City’s witness testified that the distance was 378 feet while the defense witness testified the distance was 403 feet. The defense argues, however, that the 500-foot measurement of the Zoning Resolution should not be made from the entrance of the college building but rather from the point where the high school has its location and facilities within the zoning lot of the building. The main entrance of the college is plainly and conspicuously marked “LaGuardia Community College.” In addition, there is a large vinyl banner proclaiming that the building is “La-Guardia Community College.” There is nothing showing at the entrance to the college that within its facilities is a high school. Beyond the entrance to the building, there is a large lobby in which there are certain postings. There is nothing in the lobby indicating the location of the high school or even if the high school is on the premises. The entrance to the high school appears to be where its administration offices and classrooms stand and where the only signs proclaiming its existence are located at a point in the rear of the college building, and in the basement of that building. The distance between that point where the school is located and has its facilities and where the defendant’s establishment is located is well beyond the 500-foot prohibition and thus it is not “clear and convincing” that the defendant is in violation of the Zoning Resolution. In arriving at the conclusion that the City’s case has not been proven by clear and convincing evidence, I recognize that there are legitimate arguments made by both sides. In my conclusion that the City has not made its case for an injunction, I must recognize that the operation of this business is presumptively protected by New York State Constitution, article I, § 8 and as *699 such this type of business is entitled to special protection as the Court of Appeals decided in Arcara v Cloud Books (68 NY2d 553).
Accordingly, because of the requirements of the Constitution and of the statute itself, which requires the highest standard of proof before granting relief to the City, I must deny the application for a temporary injunction and perforce my findings of fact made herein, the complaint is dismissed.