■ In the Matter of SHEFA ESTATES Co. et al., Respondents, v JUDITH M. JOHNSON, Appellant. [708 NYS2d 84] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered March 31, 1999, which granted petitioners' motion to vacate a determination of the Department for the Aging, dated September 10, 1998, directing petitioner landlords to repay to the New York City Department of Finance $11,672.53 that had been granted as a tax abatement, unanimously reversed, on the law, without costs, petitioners' motion denied and the petition dismissed.

Petitioners received tax abatements based upon the tenancy of a tenant who qualified for a Senior Citizen Rent Increase Exemption (SCRIE) through the New York City Department for the Aging. Such exemption automatically expires upon the termination of occupancy by the eligible individual; the landlord is thereupon required to remit a pro rata portion of the tax abatement corresponding to the period of time when the tenant did not occupy the premises (Real Property Tax Law § 467-b [7]). The SCRIE exemption orders sent to petitioners specifically informed them that "[n]o SCRIE benefits may be authorized after the head of household * * * dies." The eligible tenant properly applied for and was granted SCRIE exemptions from 1974 until her death in March 1992. Thereafter, recertification applications, bearing what appeared to be her signature, were used to obtain her exemptions and the tax abatements through 1997 when both the Department for the Aging and petitioners first learned of her death. Apparently the tenant's son occupied the apartment following her death; there is no claim that he would have been eligible for SCRIE exemptions. There is, therefore, no legal basis upon which petitioners can claim any entitlement to the tax abatements they received after the eligible tenant's death and termination of her exemption.

While petitioners argue that it was negligence on the part of the Department for the Aging that allowed the exemptions and tax abatements to continue beyond March 1992, the Real Property Tax Law and the SCRIE exemption orders sent to petitioners and upon which they have based their claims to tax abatements both clearly provide that the exemption and the resulting abatements were personal to the eligible tenant and ended in March 1992. Estoppel is unavailable to bar a governmental entity from discharging its duties (*Matter of Parkview Assocs. v City of New York*, 71 NY2d 274, 282, *cert*

*denied* 488 US 801). The determination of the Department of Aging was correct and the landlords must repay the tax abatements incorrectly received. Concur—Sullivan, P. J., Rosenberger, Williams, Wallach and Buckley, JJ.