■ TOWN OF SOUTHOLD, Respondent, v ESTATE OF GRACE R. EDSON, Deceased, et al., Appellants. [911 NYS2d 386]—

In an action, inter alia, for injunctive relief, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Baisley, Jr., J.), entered November 24, 2009, which, upon an order of the same court dated August 6, 2009, granting the plaintiff's motion for summary judgment, in effect, conditionally enjoined them from operating a retail store on their prop-

erty for the sale of items not grown on the premises in violation of the Southold Town Code, unless the violations were remedied and the defendants obtained a certificate of occupancy for such retail use.

Ordered that the judgment is affirmed, with costs.

Contrary to the defendants' contention, the Supreme Court properly granted the plaintiff's motion for summary judgment to enjoin the sale of products not grown on the defendants' premises until proper authorization was obtained from the plaintiff. The plaintiff made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the retail sales conducted by the defendants at the subject premises were in violation of Southold Town Code § 280-13 (A) (2) (a), and were not authorized by the certificates of occupancy issued by the plaintiff in 1987 and 1990. In opposition, the defendants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]), and failed to request additional, specific discovery which was calculated to yield facts warranting the denial of the plaintiff's motion (*see* CPLR 3212 [f]; *Town of Brookhaven v Mascia*, 38 AD3d 758, 759 [2007]; *Town of Hempstead v Incorporated Vil. of Atl. Beach*, 278 AD2d 308, 310 [2000]).

The defendants' contention that the plaintiff's alleged acquiescence in the improper use of the premises over a period of several years should estop it from now enforcing the code provisions is unavailing. The plaintiff was entitled to injunctive relief to enforce its zoning laws (*see Town of Brookhaven v Mascia*, 38 AD3d at 759), and estoppel is generally unavailable to prevent a municipality from discharging its statutory duties (*see Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 282 [1988], *cert denied* 488 US 801 [1988]; *Matter of Daleview Nursing Home v Axelrod*, 62 NY2d 30, 33 [1984]). Moreover, a building permit issued due to a misrepresentation by the applicant or an error by the municipal agency cannot confer rights in contravention of the zoning laws, and is subject to corrective action, even where the results may be harsh (*see Matter of Parkview Assoc. v City of New York*, 71 NY2d at 282; *Town of Putnam Val. v Sacramone*, 16 AD3d 669, 670 [2005]; *McGannon v Board of Trustees for Vil. of Pomona*, 239 AD2d 392, 393 [1997]; *Baris Shoe Co. v Town of Oyster Bay*, 234 AD2d 245 [1996]; *Welland Estates v Smith*, 109 AD2d 193, 196 [1985], *affd* 67 NY2d 789 [1986]).

Under all of the circumstances presented, the Supreme Court did not err in permitting the filing of the judgment in this matter shortly after the 60-day period set forth in 22 NYCRR 202.48

had elapsed (*see e.g. Neri's Land Improvement, LLC v J.J. Cassone Bakery, Inc.*, 65 AD3d 1312 [2009]; *Matter of Loeffler v New York State Dept. of Envtl. Conservation*, 37 AD3d 470 [2007]; *Marzullo v General Motors Corp.*, 34 AD3d 540 [2006]; *Levine v Levine*, 179 AD2d 625, 626 [1992]).

The defendants' remaining contentions are without merit. Dillon, J.P., Angiolillo, Hall and Roman, JJ., concur.