■ In the Matter of CYNTHIA MORROW, Appellant, v COUNTY OF NASSAU, Respondent. [962 NYS2d 917]—

In a proceeding pursuant to CPLR article 78 to review a determination of the County of Nassau Department of Assessment dated July 7, 2011, terminating the petitioner's employment, the appeal is from a judgment of the Supreme Court, Nassau County (Parga, J.), entered March 21, 2012, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The agency determination under review was not made after a quasi-judicial evidentiary hearing. Thus, we review the determination under the standard set forth in CPLR 7803 (3), and consider only whether the determination was made in violation of lawful procedure, was affected by an error of law, was arbitrary and capricious, or was an abuse of discretion (*see Ward v City of Long Beach*, 20 NY3d 1042 [2013]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 770 [2005]). Under this standard, courts "examine whether the action taken by the agency has a rational basis" and will overturn that action only "where it is 'taken without sound basis in reason' or 'regard to the facts' " (*Matter of Wooley v New York State Dept. of Correctional Servs.*, 15 NY3d 275, 280 [2010], quoting *Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]; *see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 232 [1974]), or where it is "arbitrary and capricious" (*Matter of Deerpark Farms, LLC v Agricultural & Farmland Protection Bd. of Orange County*, 70 AD3d 1037, 1038 [2010]). Moreover, "courts must defer to an administrative agency's rational interpretation of its own regulations in its area of expertise" (*Matter of Peckham v Calogero*, 12 NY3d at 431).

The petitioner failed to meet her burden of demonstrating that the determination made by the County of Nassau Department of Assessment terminating her employment lacked a rational basis or was arbitrary and capricious. The petitioner's contention that the agency's determination violated the doctrine of legislative equivalency (*see Matter of Torre v County of Nassau*, 86 NY2d 421, 426 [1995]) is without merit, as her position was not abolished.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur.