In a proceeding pursuant to CPLR article 78 to review determinations of the Environmental Control Board dated November 7, 2011, which denied the petitioner’s applications dated November 3, 2011, to vacate his defaults entered on notices of violation issued to him and to dismiss the notices of violation, the Environmental Control Board appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Fusco, J.), dated March 14, 2012, as granted the petition to the extent of vacating the petitioner’s defaults as to the notices of violation numbered 158252409, 158257698, 161220162, 41271260X, 41292565J, 41272597X, 41273161J, 173789230, 41260851Y, and 041223933R and directed new hearings on those notices of violation.
Ordered that on the Court’s own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted {see CPLR 5701 [c]); and it is further,
Ordered that the order is modified, on the law, by deleting the provisions thereof which granted the petition to the extent of vacating the petitioner’s defaults as to the notices of violation numbered 158252409, 158257698, 161220162, 41271260X, 41292565J, 41272597X, 173789230, 41260851Y, and 041223933R and directed new hearings on those notices of violation, and substituting therefor a provision denying so much of the petition as sought to vacate the petitioner’s defaults as to those notices of violation; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.
The Supreme Court erred in granting so much of the petition as sought to vacate the petitioner’s defaults as to the notices of violation numbered 41271260X and 41292565J. The petitioner failed to exhaust his administrative remedies with respect to these notices of violation, and there is no basis in the record to conclude that any exception to the exhaustion of administrative remedies requirement would apply (see Matter of Sirju-Kar *906 Corp. v City of New York, 64 AD3d 716, 717 [2009]; see generally Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]; NYCTL 2009-A Trust v Tsafatinos, 101 AD3d 1092, 1093 [2012]; Matter of Nazir v Charge & Ride, Inc., 95 AD3d 1215, 1216 [2012]; Matter of Laureiro v New York City Dept. of Consumer Affairs, 41 AD3d 717, 719 [2007]).
With regard to the remaining notices of violation at issue, the determination of the Environmental Control Board (hereinafter the ECB) under review here, including, inter alia, the denial of the petitioner’s applications to vacate his defaults as to these notices of violation, was not made following a quasi-judicial evidentiary hearing. Accordingly, we review the ECB’s determination under the standard set forth in CPLR 7803 (3) (see Matter of Morrow v County of Nassau, 105 AD3d 961 [2013]) and “consider only whether the determination was made in violation of lawful procedure, was affected by an error of law, was arbitrary and capricious, or was an abuse of discretion” (id. at 961; see Ward v City of Long Beach, 20 NY3d 1042, 1043 [2013]; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770 [2005]). “Under this standard, courts examine whether the action taken by the agency has a rational basis and will overturn that action only where it is taken without sound basis in reason or regard to the facts, or where it is arbitrary and capricious” (Matter of Morrow v County of Nassau, 105 AD3d at 961 [internal quotation marks and citations omitted]). “Moreover, ‘courts must defer to an administrative agency’s rational interpretation of its own regulations in its area of expertise’ ” (id., quoting Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]).
Contrary to the Supreme Court’s determination, the petitioner failed to meet his burden of demonstrating that the ECB’s determinations as to the notices of violation numbered 158252409, 158257698, 161220162, 41272597X, 173789230, 41260851Y, and 041223933P, lacked a rational basis or were arbitrary and capricious. Accordingly, the Supreme Court should have denied so much of the petition as sought relief pertaining to these notices of violation.
Conversely, on this record, the ECB’s determination as to the notice of violation number 41273161J lacked a rational basis. Accordingly, the Supreme Court properly vacated the petitioner’s default as to this notice of violation and directed the ECB to hold a new hearing thereon. Skelos, J.P., Dickerson, Austin and Cohen, JJ., concur.