■ In the Matter of ASTORIA LANDING, INC., Appellant, v NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, Respondent. [50 NYS3d 448]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Environmental Control Board of the City of New York dated June 28, 2012, which affirmed a determination of an administrative law judge dated February 6, 2012, made after a hearing, finding that the petitioner violated Administrative Code of the City of New York § 28-502.2 and, in effect, that the petitioner violated New York City Zoning Resolution § 22-32, and imposed a penalty in the total sum of $20,000, the petitioner appeals from a judgment of the Supreme Court, Queens County (Agate, J.), entered December 29, 2014, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In 2011, the Department of Buildings of the City of New York (hereinafter the DOB) issued multiple notices of violation to the petitioner in connection with an advertising sign (hereinafter the sign) painted on the wall of the petitioner's four-story apartment building in Astoria, Queens. The building, which the petitioner purchased in 1998, is located in an area zoned as a residential district and has had the sign on its south wall since 1941, when the DOB's predecessor issued a permit for it.

Pursuant to the enactment of certain New York City zoning resolutions, by 1961, advertising signs such as the one at issue were prohibited in residential districts, including the area where the petitioner's building is located. Thus, upon the enactment of such zoning resolutions, the sign at issue had become a nonconforming advertising sign governed by New York City

Zoning Resolution § 52-731, which provides that nonconforming advertising signs in residential districts "may be continued for ten years after December 15, 1961, or such later date that such sign becomes non-conforming, providing that after the expiration of that period such non-conforming advertising sign shall terminate."

Notwithstanding New York City Zoning Resolution § 52-731, in February 1981, the DOB approved the renewal of a permit for the sign. In 1998, the petitioner purchased the building and continued to lease the space on the building for the sign.

In August 2011, the DOB issued five notices of violation to the petitioner in connection with the sign. Thereafter, in a determination dated February 6, 2012, made after a hearing on the violations, an administrative law judge (hereinafter the ALJ) sustained two of the five notices of violation. The ALJ found that the petitioner violated section 28-502.2 of the Administrative Code of the City of New York by failing to register as an outdoor advertising company while engaging in the outdoor advertising business, and, in effect, that the petitioner violated section 22-32 of the New York City Zoning Resolution for having an impermissible outdoor advertising sign in a residential district. The ALJ imposed a penalty in the sum of $10,000 for each violation. Thereafter, the petitioner sought administrative review of the ALJ's determination by the Environmental Control Board of the City of New York (hereinafter the ECB). In a determination dated June 28, 2012, the ECB affirmed the ALJ's determination. The petitioner then commenced this CPLR article 78 proceeding to annul the ECB's determination. In a judgment entered December 29, 2014, the Supreme Court denied the petition and dismissed the proceeding. We affirm.

The applicable standard of review is whether the ECB's determination " 'was made in violation of lawful procedure, was affected by an error of law, was arbitrary and capricious, or was an abuse of discretion' " (*Matter of Vataksi v Environmental Control Bd.*, 107 AD3d 905, 906 [2013], quoting *Matter of Morrow v County of Nassau*, 105 AD3d 961, 961 [2013]; *see Matter of Ward v City of Long Beach*, 20 NY3d 1042, 1043 [2013]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 770 [2005]). "Under this standard, courts examine whether the action taken by the agency has a rational basis and will overturn that action only where it is taken without sound basis in reason or regard to the facts, or where it is arbitrary and capricious" (*Matter of Morrow v County of Nassau*, 105 AD3d at 961 [citation and internal quotation marks omitted]).

"Moreover, 'courts must defer to an administrative agency's rational interpretation of its own regulations in its area of expertise' " (*id.*, quoting *Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]).

Here, the Supreme Court properly determined that the ECB had a rational basis for rejecting the petitioner's contention that the sign was valid. The ECB noted that New York City Zoning Resolution § 52-731 expressly sets forth a 10-year time restriction for any nonconforming advertising sign such as the sign at issue, which time restriction had long since expired. The ECB also was within its discretion in rejecting the petitioner's equitable estoppel argument that the DOB's issuance of a permit for the sign in 1981 exempted the sign from the time limitation of New York City Zoning Resolution § 52-731 and that it had purchased the subject property in reliance on the validity of the 1981 permit. "Vested rights cannot be acquired in reliance upon an invalid permit. '[T]he mistaken or erroneous issuance of a permit does not estop a municipality from correcting errors, even where there are harsh results' " (*Matter of Westbury Laundromat, Inc. v Mammina*, 62 AD3d 888, 890 [2009] [citations omitted], quoting *Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 282 [1988]; *see Town of Southold v Estate of Edson*, 78 AD3d 816, 817 [2010]; *McGannon v Board of Trustees for Vil. of Pomona*, 239 AD2d 392, 393 [1997]). Here, pursuant to New York City Zoning Resolution § 52-731, the 1981 permit was invalid when issued by the DOB. A municipality can vacate a permit that was invalid when issued (*see Matter of Parkview Assoc. v City of New York*, 71 NY2d at 281-282). Since the 1981 permit was invalid, the petitioner's estoppel contention—that it had purchased the subject property in 1998 detrimentally relying on the continuing revenue from the subject advertising sign—fails (*see id.* at 282; *Matter of Westbury Laundromat, Inc. v Mammina*, 62 AD3d at 890).

The petitioner has abandoned its challenge to the finding that it violated Administrative Code § 28-502.2, since it failed to raise any issue with respect to this finding on appeal (*see Iatauro v St. John's Univ.*, 295 AD2d 478, 478 [2002]; *Blandford Land Clearing Corp. v City of New York*, 275 AD2d 436, 436 [2000]; *Agee v Ajar*, 154 AD2d 569, 571-572 [1989]).

The petitioner's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding upon concluding that the ECB's determination had a rational basis and, thus, was not illegal, arbitrary and capricious, or an abuse of discretion (*see Matter*

*of Vataksi v Environmental Control Bd.*, 107 AD3d at 906; *Matter of Morrow v County of Nassau*, 105 AD3d at 961). Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.