Matter of Baychester Retail III LLC v Perlmutter (2018 NY Slip Op 03817)





Matter of Baychester Retail III LLC v Perlmutter


2018 NY Slip Op 03817


Decided on May 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2018

Friedman, J.P., Gische, Tom, Kern, Singh, JJ.


6706 157091/16

[*1]In re Baychester Retail III LLC, Petitioner-Appellant,
v
Margery Perlmutter, et al., Respondents-Respondents.


Akerman LLP, New York (Richard G. Leland of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Barbara Graves-Poller of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Carol R. Edmead, J.), entered April 6, 2017, denying the petition to annul a determination of respondent Board of Standards and Appeals of the City of New York (BSA), dated May 3, 2016, which affirmed the New York City Department of Buildings' (DOB) denial of petitioner's applications to install certain advertising signs, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
BSA's determination that the New York City Department of Buildings properly denied petitioner's applications has a rational basis and is supported by substantial evidence (see generally Matter of Fuhst v Foley, 45 NY2d 441, 444 [1978]; Matter of Chelsea Bus. & Prop. Owners' Assn., LLC v City of New York, 107 AD3d 414 [1st Dept 2013]). Petitioner seeks to install a structure consisting of 27 two-sided LED panels, with 12 inches of space between adjacent panels, affixed to a single pole. BSA rationally deemed an entire side of the proposed structure to be a single illuminated advertising sign for the purpose of calculating its "surface area," which is defined as "the entire area within a single continuous perimeter enclosing the extreme limits of writing, representation, emblem, or any figure of similar character, together with any material or color forming an integral part of the display or used to differentiate such sign from the background against which it is placed" (New York City Zoning Resolution § 12-10). It is undisputed that if the proposed structure constitutes one sign rather than 27 separate signs, it does not comply with the applicable zoning regulations.
Insofar as DOB's determination is inconsistent with any of its past decisions, the doctrine of judicial estoppel does not avail petitioner (see Matter of Parkview Assoc. v City of New York, 71 NY2d 274 [1988], appeal dismissed, cert denied 488 US 801 [1988]). Moreover, the record reflects BSA's reasons for accepting this departure from precedent, and therefore permits judicial review (see Matter of Take Two Outdoor Media LLC v Board of Stds. & Appeals of the City of N.Y., 146 AD3d 715 [1st Dept 2017]; cf. Matter of Charles A. Field Delivery Serv. [Roberts], 66 [*2]NY2d 516 [1985] [administrative agency decision that neither adheres to the agency's own precedent nor indicates reasoning for different result does not permit judicial review and must be reversed as arbitrary and capricious]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 29, 2018
CLERK