Matter of Astoria Landing, Inc. v Del Valle (2020 NY Slip Op 07052)





Matter of Astoria Landing, Inc. v Del Valle


2020 NY Slip Op 07052


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2018-02616
 (Index No. 11154/16)

[*1]In the Matter of Astoria Landing, Inc., petitioner,
v
Fidel F. Del Valle, etc., et al., respondents. Leavitt & Kerson, Forest Hills, NY (Paul E. Kerson of counsel), for petitioner.


James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and John Moore of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Environmental Control Board of the City of New York dated August 25, 2016, affirming a determination of a hearing officer dated April 15, 2016, which, after a hearing, found that the petitioner violated New York City Zoning Resolution § 22-32 and imposed a penalty in the sum of $10,000.
ADJUDGED that the determination dated August 25, 2016, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner is the owner of a four-story apartment building in Astoria. The building is situated in an area zoned as a residential district, and has an advertising sign (hereinafter the sign) painted on its south wall. The predecessor to the New York City Department of Buildings (hereinafter the DOB) issued a permit for the sign in 1941.
As a result of the adoption of certain New York City zoning resolutions, by 1961, advertising signs had become prohibited in residential districts. Thus, by reason of the adoption of such zoning resolutions, the sign had become a nonconforming advertising sign governed by New York City Zoning Resolution § 52-731, which provides that nonconforming advertising signs in residential districts "may be continued for ten years after December 15, 1961, or such later date that such sign becomes non-conforming, providing that after the expiration of that period such non-conforming advertising sign shall terminate."
Notwithstanding New York City Zoning Resolution § 52-731, in 1981, the DOB issued another permit for the sign. In 1998, the petitioner purchased the building and continues to lease the space on the building for the sign.
In August 2011, the DOB issued five notices of violation (hereinafter NOVs) to the petitioner in connection with the sign. In a prior CPLR article 78 proceeding commenced by the petitioner to review a determination of the Environmental Control Board of the City of New York (hereinafter the ECB) which affirmed the determination of an administrative law judge (hereinafter the ALJ) sustaining two of the five NOVs, this Court affirmed a judgment of the Supreme Court [*2]denying the petition and dismissing the proceeding (see Matter of Astoria Landing, Inc. v New York City Envtl. Control Bd., 148 AD3d 1141 [hereinafter Matter of Astoria Landing I]). In Matter of Astoria Landing I, this Court determined that the ECB had a rational basis to affirm the ALJ's determination, inter alia, that the petitioner violated New York City Zoning Resolution § 22-32 for having an impermissible outdoor advertising sign in a residential district and, thus, the ECB's determination was not illegal, arbitrary and capricious, or an abuse of discretion.
In the interim, on July 18, 2015, the DOB issued three additional NOVs to the petitioner in connection with the sign. Thereafter, in a determination dated April 15, 2016, made after a hearing on the violations, a hearing officer sustained one of the three NOVs. The hearing officer found that the petitioner violated New York City Zoning Resolution § 22-32 for having an impermissible outdoor advertising sign in a residential district, and imposed a penalty in the sum of $10,000. Thereafter, the petitioner sought administrative review of the hearing officer's determination by the ECB. In a determination dated August 25, 2016, the ECB affirmed the hearing officer's determination.
The petitioner then commenced the instant CPLR article 78 proceeding to annul the ECB's August 25, 2016 determination, alleging that it was arbitrary and capricious, and an abuse of discretion. By order entered March 24, 2017, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
The Supreme Court should have disposed of this proceeding on the merits instead of transferring it to this Court pursuant to CPLR 7804(g). The transfer of a CPLR article 78 proceeding is authorized when "the substantial evidence issue specified in question four of section 7803" is raised and must be decided in order to dispose of the proceeding (CPLR 7804[g]; see Matter of Halperin v City of New Rochelle, 24 AD3d 768, 769). The issue specified in CPLR 7803(4) is "whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence" (CPLR 7803[4]).
Here, although the petitioner seeks review of an administrative determination made by the ECB after a hearing required by law, and at which evidence was taken (see CPLR 7803[4]), the petitioner does not dispute the ECB's factual findings or challenge the ECB's determination on the ground that it was unsupported by substantial evidence, but alleges only that it was arbitrary and capricious, and an abuse of discretion, because the DOB had previously issued two permits for the sign. Thus, the petition raises only the question of "whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803[3]). Accordingly, an issue specified in CPLR 7803(4) has not been raised by the petitioner's challenge to the ECB's determination, and therefore, the Supreme Court should not have transferred this proceeding (see Matter of Halperin v City of New Rochelle, 24 AD3d at 769).
Nevertheless, we will decide the matter on the merits in the interest of judicial economy (see Matter of DeSousa v Town of Babylon, 170 AD3d 1172, 1172; Matter of Halperin v City of New Rochelle, 24 AD3d at 772-773). The determination of the ECB dated August 25, 2016, affirming the hearing officer's finding that the petitioner violated New York City Zoning Resolution § 22-32 was not arbitrary or capricious, an abuse of discretion, in violation of lawful procedure, or affected by an error of law (see Matter of Ward v City of Long Beach, 20 NY3d 1042, 1043; Matter of Astoria Landing I, 148 AD3d at 1143; Matter of Vataksi v Environmental Control Bd., 107 AD3d 905, 906; Matter of Halperin v City of New Rochelle, 24 AD3d at 770).
Contrary to the petitioner's contention, there is no indication of bad faith in the record. Although "[a] decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious" (Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 517; see Matter of Lafayette Stor. & Moving Corp. [Hartnett], 77 NY2d 823, 826), the record adequately reflects the reasons for the change in the DOB's course so as to allow for meaningful judicial review [*3](see Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d at 520). The DOB's failure to realize until 2011 that the 1981 permit had been issued in error does not establish bad faith.
Finally, the petitioner's contention that it was denied due process due to the refusal of the hearing officer to accept a post-hearing memorandum of law is without merit. The petitioner was afforded the "opportunity to be heard in a meaningful manner at a meaningful time" required as a matter of due process (Matter of Kaur v New York State Urban Dev. Corp., 15 NY3d 235, 260; see Mathews v Eldridge, 424 US 319, 333). The mere fact that the hearing officer refused to accept the petitioner's post-hearing memorandum of law does not, without more, constitute a violation of its due process rights (see Matter of Cooney v Town of Wilmington Zoning Bd. of Appeals, 140 AD3d 1350, 1352-1353).
BALKIN, J.P., COHEN, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court