Matter of E & S Realty, LLC v Board of Appeals of Vil. of Sands Point (2022 NY Slip Op 05209)

Matter of E & S Realty, LLC v Board of Appeals of Vil. of Sands Point

2022 NY Slip Op 05209

Decided on September 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2019-10343
 (Index No. 1187/18)

[*1]In the Matter of E & S Realty, LLC, appellant,
v
Board of Appeals of Village of Sands Point, respondent-respondent; Marilyn Brechner, et al., intervenors-respondents.

Albanese & Albanese LLP, Garden City, NY (Bruce W. Migatz of counsel), for appellant.
Sahn Ward Braff Koblenz PLLC, Uniondale, NY (Michael H. Sahn and Joseph R. Bjarnson of counsel), for respondent-respondent.
Farrell Fritz, P.C., Hauppauge, NY (Anthony S. Guardino of counsel), for intervenors-respondents (no brief filed).

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Village of Sands Point dated September 17, 2018, which, after a hearing, inter alia, denied the petitioner's application for a certificate of completion or, in the alternative, for a use variance, the petitioner appeals from a judgment of the Supreme Court, Nassau County (John M. Galasso, J.), entered July 8, 2019. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs to the respondent Board of Appeals of Village of Sands Point.
The petitioner owns the subject property located within a residential district in the Village of Sands Point. In 1989, the Village adopted a local law amending its zoning law to prohibit the use of accessory structures in a residential district for "habitable purposes" (Code of the Village of Sands Point § 176-21[J] [1989]) (hereinafter the Village Code). In 2016, the petitioner applied for a building permit to enlarge and renovate an accessory structure located on the subject property, which, unbeknownst to the Village, was being used as a residence. A building permit was issued to the petitioner, and improvements were completed at a substantial cost to the petitioner.
The petitioner then applied for a certificate of completion for the accessory structure, and, in January 2017, the Village issued a denial letter informing the petitioner that the building permit had been issued in error and that the renovations to the accessory structure required multiple variances, including a variance to enlarge a nonconforming use without changing it to a conforming use. In May 2017, the Village issued a second denial letter amending the first letter, informing the petitioner that the accessory structure needed, inter alia, a variance to allow it to be used as a residence.
In September 2017, the petitioner appealed to the Board of Appeals of the Village of Sands Point (hereinafter the Board), seeking, inter alia, the granting of a certificate of completion based upon the doctrine of equitable estoppel or, in the alternative, a variance to permit the use of the accessory structure as a residence. After a hearing, the Board, among other things, denied the application for a certificate of completion and a use variance. The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to review the Board's determination. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"'In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, a zoning board's interpretation of its zoning ordinance is entitled to great deference, and judicial review is generally limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion'" (Matter of Mutual Aid Assn. of the Paid Fire Dept. of the City of Yonkers, N.Y., Inc. v City of Yonkers Zoning Bd. of Appeals, 199 AD3d 800, 801, quoting Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y., 30 AD3d 515, 515).
The Board properly determined that the Village correctly denied the petitioner's application for a certificate of completion and, in effect, that a variance was required to use the accessory structure as a residence. Contrary to the petitioner's contention, the intended use was not a prior nonconforming use, as the record demonstrates that the accessory structure had not been used for habitable purposes prior to the 1989 amendment of the Village Code which prohibited the use of accessory structures for habitable purposes. Moreover, the Board's interpretation of the Village Code's phrase "used for habitable purposes" was not arbitrary and capricious, illegal, or an abuse of discretion.
"'The doctrine of equitable estoppel is to be invoked sparingly and only under exceptional circumstances'" (Sanchez v Jericho Sch. Dist., 180 AD3d 828, 830, quoting Ceely v New York City Health & Hosps. Corp., 162 AD2d 492, 493). "'[T]he mistaken or erroneous issuance of a permit does not estop a municipality from correcting errors, even where there are harsh results'" (Matter of Astoria Landing, Inc. v New York City Envtl. Control Bd., 148 AD3d 1141, 1143, quoting Matter of Westbury Laundromat, Inc. v Mammina, 62 AD3d 888, 890 [internal quotation marks omitted]), and the prior issuance of a building permit does not estop a municipality from enforcing its zoning laws (see Matter of Parkview Assoc. v City of New York, 71 NY2d 274, 282).
The Board properly determined that the Village was not estopped from denying the petitioner's application for a certificate of completion because the Village had previously issued a building permit. The building permit was mistakenly issued, as the petitioner sought the permit to renovate the accessory structure for use as a residence, which violated the Village Code. Moreover, the petitioner failed to show any fraud, deception, or other malfeasance by the Village. The Village therefore was not estopped from correcting its error in issuing the building permit by denying the petitioner's application for a certificate of completion (see id. at 282-283; Matter of Astoria Landing, Inc. v New York City Envtl. Control Bd., 148 AD3d at 1143; Matter of Westbury Laundromat, Inc. v Mammina, 62 AD3d at 890).
The petitioner's remaining contentions are without merit.
CONNOLLY, J.P., ROMAN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court