Matter of Gabriele v Zoning Bd. of Appeals of the Town of Eastchester (2024 NY Slip Op 03046)

Matter of Gabriele v Zoning Bd. of Appeals of the Town of Eastchester

2024 NY Slip Op 03046

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2021-07052
 (Index No. 53242/21)

[*1]In the Matter of Patricia Gabriele, appellant, 
v
Zoning Board of Appeals of the Town of Eastchester, et al., respondents.

Richard Gabriele, Scarsdale, NY, for appellant.
Hocherman Tortorella & Wekstein, LLP, White Plains, NY (Noelle C. Wolfson of counsel), for respondent Zoning Board of Appeals of the Town of Eastchester.
Tartaglia Law Group LLC, Rye Brook, NY (Daniel D. Tartaglia of counsel), for respondent Augustus Development, LLC.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Eastchester dated January 12, 2021, which, after a hearing, granted the application of Augustus Development, LLC, for area variances, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Anne E. Minihan, J.), dated August 26, 2021. The order and judgment, insofar as appealed from, denied the amended petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed insofar as appealed from, with one bill of costs.
In 2019, Augustus Development, LLC (hereinafter Augustus), acquired certain real property located in the Town of Eastchester. After a request for a permit to build a residential apartment building was denied, Augustus applied to the Zoning Board of Appeals of the Town of Eastchester (hereinafter the ZBA) for area variances to bring the proposed project into compliance. A hearing was held on four dates and concluded on November 10, 2020. Seven weeks later, the petitioner's predecessor in interest submitted a letter opposing the application, but it was rejected as untimely. In a determination dated January 12, 2021, the ZBA granted Augustus's application. Thereafter, the petitioner's predecessor in interest commenced this proceeding pursuant to CPLR article 78 to review the determination. In an order and judgment dated August 26, 2021, the Supreme Court, inter alia, denied the amended petition and dismissed the proceeding. The petitioner appeals.
The Supreme Court properly determined that the ZBA's determination to grant Augustus's application for area variances was not arbitrary and capricious. "Local zoning boards have broad discretion in considering applications for area variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (Matter of deBordenave v Village of Tuxedo Park Bd. of Zoning Appeals, 168 AD3d 838, 839). [*2]"The determination of a local zoning board is entitled to great deference, and will be set aside only if it is illegal, arbitrary and capricious, or irrational" (Matter of Seaview Assn. of Fire Is., NY, Inc. v Town of Islip Zoning Bd. of Appeals, 221 AD3d 717, 718 [internal quotation marks omitted]; see Matter of 666 OCRTT, LLC v Board of Zoning Appeals of the Town of Hempstead, 200 AD3d 682, 683).
In determining whether to grant an area variance, a zoning board is required to engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community (see Town Law § 267-b[3][b]; Matter of deBordenave v Village of Tuxedo Park Bd. of Zoning Appeals, 168 AD3d at 839). A zoning board must also consider: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Town Law § 267-b[3][b]; see Matter of Humphreys v Somers Zoning Bd. of Appeals, 206 AD3d 1000, 1001). A zoning board is "'not required to justify its determination with supporting evidence for each of the five statutory factors as long as its determination balancing the relevant considerations is rational'" (Matter of Humphreys v Somers Zoning Bd. of Appeals, 206 AD3d at 1002, quoting Matter of Kramer v Zoning Bd. of Appeals of Town of Southampton, 131 AD3d 1170, 1172).
Here, the record demonstrates that the ZBA engaged in the required balancing test and considered the relevant statutory factors (see Matter of Humphreys v Somers Zoning Bd. of Appeals, 206 AD3d at 1002; Matter of Capetola v Town of Riverhead, 192 AD3d 789, 791). Contrary to the petitioner's contention, the evidence before the ZBA supported its findings that the benefit sought by Augustus would not produce an undesirable change in the character of the neighborhood, have an adverse impact on the physical or environmental conditions, or otherwise result in a detriment to the health, safety, and welfare of the neighborhood or community, even if the proposed variances were arguably substantial and the difficulty was self-created (see Matter of Borrok v Town of Southampton, 130 AD3d 1024, 1025; Matter of Goodman v City of Long Beach, 128 AD3d 1064, 1065).
The Supreme Court also properly determined that the petitioner's due process rights were not violated by the ZBA's failure to accept the post-hearing submission. The petitioner, who attended the hearing on three of the four hearing dates, including the final one, was afforded the "opportunity to be heard in a meaningful manner at a meaningful time" (Matter of Kaur v New York State Urban Dev. Corp., 15 NY3d 235, 260; see Matter of Astoria Landing, Inc. v Del Valle, 188 AD3d 1189, 1192).
The petitioner's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the amended petition and dismissed the proceeding.
DILLON, J.P., CONNOLLY, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court