■ In the Matter of ROBERT L. ZIMMER, Appellant, v TOWN BOARD OF TOWN OF LOCKE, Respondent. [642 NYS2d 130] —Judgment unanimously affirmed without costs. Memorandum: Petitioner commenced this CPLR article 78 proceeding to challenge the denial of a building permit by respondent, Town Board of the Town of Locke (Town Board), for a year-round residential structure on petitioner's property, which is located on

Tucker Hill Road in the Town of Locke. Alternatively, petitioner sought compensation for the alleged loss of use of his property.

According to the evidence before the Town Board, petitioner's property is situated upon a stretch of Tucker Hill Road that is designated as a seasonal use road. It is inaccessible to emergency vehicles, especially during the winter, and is narrow and unimproved, and has sharp curves and steep grades of up to 22%. Although there are four other residences on Tucker Hill Road, they are located where the road is much straighter and wider, and they are outside the seasonal use area and more accessible. Supreme Court properly determined that the denial of petitioner's building permit was neither arbitrary nor capricious (see, Town Law § 280-a; Matter of Joseph v Romano, 208 AD2d 926; see also, Matter of Lund v Town Bd., 162 AD2d 798).

Also without merit is the further contention that respondent's denial of the building permit violates petitioner's due process rights and constitutes a taking without just compensation in violation of the Fifth Amendment of the United States Constitution. A "regulatory taking" occurs only "when land-use regulation 'does not substantially advance legitimate state interests or denies an owner economically viable use of his land' " (Lucas v South Carolina Coastal Council, 505 US 1003, 1016, quoting Agins v City of Tiburon, 447 US 255, 260). Here, denial of petitioner's building permit advances the legitimate State interest in public health, safety and welfare. Because the Town Board's denial of the building permit was reasonably necessary to protect petitioner and the public at large, it does not constitute an unconstitutional taking (see, French Investing Co. v City of New York, 39 NY2d 587, 595-596, rearg denied 40 NY2d 846, appeal dismissed and cert denied 429 US 990). Nor does the denial of the building permit deny petitioner the economic use of his land. Petitioner purchased land that is situated on an unimproved seasonal road and is subject to the requirements of Town Law § 280-a. Petitioner may build a residence on his property when Tucker Hill Road is "suitably improved to the satisfaction of the town board * * * as adequate in respect to public health, safety and general welfare" (Town Law § 280-a [2]). (Appeal from Judgment of Supreme Court, Cayuga County, Corning, J.—CPLR art 78.) Present—Green, J. P., Lawton, Wesley, Doerr and Boehm, JJ.