■ In the Matter of SUNDIAL ASPHALT Co., INC., Appellant, v ANDREW G. DARK et al., Respondents. [742 NYS2d 891] —In a proceeding pursuant to CPLR article 78 to review a determina-

tion of the Board of Zoning Appeals of the Town of Brookhaven, dated March 25, 1998, which, inter alia, denied the petitioner's application for a use variance for the operation of a concrete crusher, the petitioner appeals from so much of a judgment of the Supreme Court, Suffolk County (Pitts, J.), dated January 4, 2001, as confirmed the determination of the Board of Zoning Appeals of the Town of Brookhaven denying the use variance and dismissed the proceeding with respect thereto.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

It is well settled that the scope of judicial review in a CPLR article 78 proceeding of a determination by a zoning board is limited to an examination of whether the determination has a rational basis and is supported by substantial evidence (*see Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of New Venture Realty v Fennell,* 210 AD2d 412). The Supreme Court may not weigh the evidence or reject the choice made by the zoning board "where the evidence is conflicting and room for choice exists" (*Matter of Stork Rest. v Boland,* 282 NY 256, 267; *see Matter of Toys "R" Us v Silva,* 89 NY2d 411, 424).

To qualify for a use variance premised upon unnecessary hardship there must be a showing that (1) the property cannot yield a reasonable return if used for permitted purposes as currently zoned, (2) the hardship results from unique characteristics of the property, and (3) the proposed use will not alter the character of the neighborhood, and (4) the alleged hardship has not been self-created (Town Law § 267-b [2] [b]; *see Matter of Village Bd. of Vil. of Fayetteville v Jarrold,* 53 NY2d 254; *Matter of Otto v Steinhilber,* 282 NY 71; *Matter of Elwood Props. v Bohrer,* 216 AD2d 562).

Contrary to the petitioner's contention, substantial evidence exists to support the determination of the Board of Zoning Appeals of the Town of Brookhaven (hereinafter the Board) that the nonconforming use would adversely impact the surrounding neighborhood and was a self-created hardship, and that determination has a rational basis. Thus, the Board properly denied the petitioner's request for a use variance.

The petitioner's remaining contention is without merit. Santucci, J.P., Altman, McGinity and Adams, JJ., concur.