██ VILLAGE OF WAPPINGERS FALLS, Appellant, v BARBARA TOMLINS et al., Respondents. [928 NYS2d 353]—

The defendant Barbara Tomlins is the owner of a house located in the plaintiff Village of Wappingers Falls. Tomlins lives

in the house with her two sons, the defendants Robert Tomlins and Rudolph Tomlins, and their families. On June 4, 2004, Tomlins obtained a permit to expand the house. On July 26, 2004, the Village issued a stop-work order, and it subsequently revoked the building permit. Thereafter, the Village received reports from neighbors, alleging that the defendants continued performing construction on the house, which the defendants denied. The Village also found that the property was unsafe. It posted notices on the property to that effect and ordered the defendants to vacate the premises. The defendants continued to reside in the house.

The Village brought this action for declaratory and injunctive relief, seeking, among other relief, a declaration that the defendants' occupancy of the property had violated various zoning ordinances, and also seeking to enjoin the defendants from occupying the property until they complied with various zoning ordinances, and to direct them to demolish the new construction. The Village moved for summary judgment on the complaint, and the Supreme Court denied the motion.

A building permit which is issued in contravention of the zoning laws is never valid (*see Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 281 [1988], *cert denied* 488 US 801 [1988]). Thus, where a building permit is issued either due to a misrepresentation by the applicant or due to an error by the municipality, it can be revoked, even though the consequences to the property owner may appear to be harsh (*see Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 282 [1988]; *McGannon v Board of Trustees for Vil. of Pomona*, 239 AD2d 392, 393 [1997]). However, "[r]eliance upon the invalid permit, as demonstrated by the expenditures prior to revocation, can be considered" by the municipality when fashioning a remedy (*Matter of Albert v Board of Stds. & Appeals of City of N.Y.*, 89 AD2d 960, 962 [1982]; *cf. Incorporated Vil. of Asharoken v Pitassy*, 119 AD2d 404, 417 [1986]).

Here, the Village failed to establish its prima facie entitlement to summary judgment on so much of the complaint as sought to direct the defendants to demolish the new construction. The Village failed to show that the defendants continued construction after the stop-work order was issued on July 26, 2004. Moreover, the Village failed to demonstrate that directing the removal of the construction was an appropriate remedy since the construction originally commenced in reliance on the building permit that was subsequently revoked. Since the Village failed to make this prima facie showing, this Court need not consider the sufficiency of the opposing papers on this issue

632

(*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Cerrato v Rapistan Demag Corp.*, 84 AD3d 714, 715 [2011]).

In addition, the Village was not entitled to summary judgment on so much of the complaint as sought a judgment declaring that the defendants' use and occupancy of the property was in violation of certain zoning ordinances because they did not have a valid certificate of occupancy, and so much of the complaint as sought to enjoin them from occupying the property. The Village failed to establish, prima facie, that the defendants' certificate of occupancy for the property, which was obtained in 1980, was not valid.

The Village's remaining contention is without merit. Prudenti, P.J., Eng, Hall and Lott, JJ., concur.