This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
------------------------------------------------------------

No. 20
In the Matter of Exeter Building
Corp., et al.,
            Appellants,
        v.
Town of Newburgh, et al.,
            Respondents.


            Richard B. Golden, for appellants.
            Michael H. Donnelly, for respondents.


MEMORANDUM:

The order of the Appellate Division should be affirmed,
with costs.

An owner of real property can acquire a common law
vested right to develop the property in accordance with prior
zoning regulations when, in reliance on a "legally issued

- 1 -

permit," the landowner "effect[s] substantial changes and incur[s] substantial expenses to further the development" and "[t]he landowner's actions relying on [the] valid permit [are] so substantial that the municipal action results in serious loss rendering the improvements essentially valueless" (Town of Orangetown v Magee, 88 NY2d 41, 47-48 [1996]; see generally 4 Rathkopf's The Law of Zoning and Planning § 70:20 [4th ed]). Here, it was not reasonable for petitioners to rely on the December 2007 conditional Final Site Approval of the development, in carrying out any substantial actions furthering the development.  In particular, in 2005, the year before the rezoning of petitioners' property by means of Local Law No. 3 (2006) of Town of Newburgh, the Town Planning Board had repeatedly warned petitioners of the proposed rezoning.  The December 2007 Approval itself did not engender expectations to the contrary.  It included a statement of the new zoning status of the property.  Additionally, while petitioners challenged the rezoning in court, petitioners must have been "cognizant of the potential for an eventual legal ruling that the Local Law was in fact valid" (Preble Aggregate v Town of Preble, 263 AD2d 849, 851 [3d Dept 1999], lv denied 94 NY2d 760 [2000]).

We need not address whether a conditional final site approval can be the basis for acquisition of a vested right to develop property.  Even if the right could vest under such a site approval, petitioners here do not satisfy the Magee test, because

the element of reasonable reliance on municipal permission was not satisfied.[1]  Nor did limited permits, authorizing petitioners to demolish a single-family residence, remove certain water tanks and their foundation, conduct clearing and grading, and erect signs on the subject property, amount to approval of petitioners' proposed development.  Consequently, the Appellate Division properly held that petitioners have no vested right to develop the subject property under the prior zoning regulations.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, with costs, in a memorandum.  Judges Pigott, Rivera, Abdus-Salaam, Stein and Fahey concur.  Chief Judge DiFiore and Judge Garcia took no part.

Decided February 11, 2016

---

[1]    Given our analysis, there is no occasion for us to decide whether Supreme Court improperly conducted a trial/hearing to decide whether the remaining elements of the Magee test were met, rather than remanding to the Zoning Board.