■ AARON KELLNER, Appellant, v TOWN OF WAPPINGER et al., Respondents. [42 NYS3d 326]—

In an action, inter alia, for a judgment declaring that the provisions of Town Law § 280-a and Code of the Town of Wappinger § 240-20 do not apply to the proposed construction of a dwelling on the subject property, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Rosa, J.), dated December 3, 2014, which denied his motion for summary judgment on the complaint and declaring that the provisions of Town Law § 280-a and Code of the Town of Wappinger § 240-20 do not apply to the proposed construction, and granted the defendants' cross motion for summary judgment dismissing the complaint and declaring that the provisions of Town Law § 280-a and Code of the Town of Wappinger § 240-20 apply to the proposed construction.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of a judgment, inter alia, declaring that the provisions of Town Law § 280-a and Code of the Town of Wappinger § 240-20 apply to the proposed construction of a dwelling on the subject property.

The plaintiff is the owner of the subject property, located at the end of a private road traversing a bridge in the Town of Wappinger. Previously, there was a single-family house on the property in which the plaintiff resided. However, in 2004, the house was completely destroyed by a fire, leaving the property vacant.

In 2013, the plaintiff applied to the Town for a building permit to construct a new house on the property. The Town denied the application on the ground that there was no legal access to the property as required by Town Law § 280-a and an analogous local code provision, Code of the Town of Wappinger § 240-20, as the road and the bridge were in disrepair and virtually impassable. The plaintiff thereafter commenced this action against the Town, the Code Enforcement Officer of the Town, and the Town Zoning Board of Appeals seeking a judgment declaring that the proposed construction on the property for which he sought a building permit was not subject to Town Law § 280-a and Code of the Town of Wappinger § 240-20,

directing the Town to issue the building permit, and awarding him damages resulting from the denial of his permit application, or, alternatively, damages for a categorical regulatory taking based on the denial of all economically beneficial use of the property without just compensation. The plaintiff moved for summary judgment on the complaint and declaring that the provisions of Town Law § 280-a and Code of the Town of Wappinger § 240-20 do not apply to the proposed construction, and the defendants cross-moved for summary judgment dismissing the complaint and declaring that those provisions apply to the proposed construction. The Supreme Court denied the plaintiff's motion and granted the defendants' cross motion. The plaintiff appeals.

The Supreme Court properly determined that the proposed construction of a new dwelling on the property which is the subject of the plaintiff's permit application is governed by Town Law § 280-a (1). Contrary to the plaintiff's contention, the application of the statute does not produce a result that is absurd or unjust or at odds with its facially evident purpose. The plain language of section 280-a is unambiguous and, thus, there is no basis to resort to extrinsic materials to determine the legislature's intent in enacting the statute (*see People v Barnes*, 26 NY3d 986, 989 [2015]; *Matter of Auerbach v Board of Educ. of City School Dist. of City of N.Y.*, 86 NY2d 198, 204 [1995]; *Doctors Council v New York City Employees' Retirement Sys.*, 71 NY2d 669, 675 [1988]; *Sega v State of New York*, 60 NY2d 183, 191 [1983]). In any event, the legislative history to which the plaintiff refers does not support his contention that his proposed construction is excluded from the intended purposes of the statute (*see* Bill Jacket, L 1938, chs 44, 205, 264).

The plaintiff also failed to make a prima facie showing that the application of Town Law § 280-a, which took effect in 1938, to the proposed construction on his property deprived him of a vested right to construct the new house (*see generally Matter of Exeter Bldg. Corp. v Town of Newburgh*, 114 AD3d 774, 778-779 [2014], *affd* 26 NY3d 1129 [2016]).

Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the first cause of action, which sought a judgment declaring that the proposed construction of a new dwelling on the property for which he sought a building permit was not subject to Town Law § 280-a and Code of the Town of Wappinger § 240-20 and related damages and injunctive relief. For the same reasons, the court properly granted that branch of the defendants' cross motion which was for summary judgment relating to the first cause of action.

The Supreme Court also properly denied that branch of the plaintiff's motion which was for summary judgment on the second cause of action, which sought just compensation for a categorical regulatory taking (*see Lucas v South Carolina Coastal Council*, 505 US 1003, 1019 and n 8 [1992]), and granted that branch of the Town's cross motion which·was for summary judgment dismissing that cause of action (*see Matter of Zimmer v Town Bd. of Town of Locke*, 226 AD2d 1117, 1118 [1996]).

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Dutchess County, for the entry of a judgment, inter alia, declaring that the provisions of Town Law § 280-a and Code of the Town of Wappinger § 240-20 apply to the proposed construction of a dwelling on the subject property (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Dillon, J.P., Dickerson, Duffy and Connolly, JJ., concur.