Matter of C & B Realty #3, LLC v Van Loan (2022 NY Slip Op 05036)

Matter of C & B Realty #3, LLC v Van Loan

2022 NY Slip Op 05036

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2019-09903
 (Index No. 976/18)

[*1]In the Matter of C & B Realty #3, LLC, respondent,
v
Arlene Van Loan, etc., et al., appellants.

Walsh Markus McDougal & DeBellis, LLP, Garden City, NY (Matthew G. White of counsel), for appellants.
Thomas A. Abbate, P.C., Plainview, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Oyster Bay dated April 26, 2018, which, after a hearing, denied the petitioner's application for a parking variance and determined that a certain building permit was invalid, Arlene Van Loan, Lewis J. Yevoli, Susan Cloninger, Rita Byrne, Lois Schmitt, Kathleen Mulligan, and John J. Fanning appeal from a judgment of the Supreme Court, Nassau County (Thomas Feinman, J.), entered June 11, 2019. The judgment granted the petition, annulled the determination, and, in effect, directed the Zoning Board of Appeals of the Town of Oyster Bay to grant the application for a parking variance.
ORDERED that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.
The petitioner owns property in the Town of Oyster Bay, on which it operates a shopping center. In 2014, the petitioner received a building permit to construct additional commercial space in the parking lot of the premises, which permit was renewed several times. The petitioner finally commenced work on the project in 2017. Shortly thereafter, the Town issued a notice of violation and stop-work order, as it had determined that the petitioner's project did not comply with off-street parking requirements. Specifically, the petitioner's plan provided for 557 off-street parking spaces, whereas 624 spaces were required pursuant to the Code of the Town of Oyster Bay (see Code of the Town of Oyster Bay §§ 246-8.2.1, 246-2.4; hereinafter the Town Code).
The petitioner then filed an application for a variance seeking relief from the relevant provisions of the Town Code and permitting the proposed 557 parking spaces. After a hearing, the Town's Zoning Board of Appeals (hereinafter the ZBA) denied the petitioner's application for a variance, and further determined that the permit did not confer any rights on the petitioner as it had been invalid when issued. The petitioner commenced this proceeding pursuant to CPLR article 78 to annul the ZBA's determination, asserting that it lacked a rational basis, was arbitrary and capricious, and constituted a deprivation of vested rights. The Supreme Court granted the petition, annulled the determination, and, in effect, directed the ZBA to grant the application for a parking variance.
Contrary to the petitioner's contention, it did not demonstrate that it had vested rights to carry out the planned construction. "The doctrine of vested rights is implicated when a property owner seeks to continue to use property, or to initiate the use of property, in a way that was permissible before enactment or amendment of a zoning ordinance but would not be permitted under a new zoning law" (Matter of Exeter Bldg. Corp. v Town of Newburgh, 114 AD3d 774, 778, affd 26 NY3d 1129). Such "a vested right can be acquired when, pursuant to a legally issued permit, the landowner demonstrates a commitment to the purpose for which the permit was granted by effecting substantial changes and incurring substantial expenses to further the development" (Town of Orangetown v Magee, 88 NY2d 41, 47; see Matter of Exeter Bldg. Corp. v Town of Newburgh, 114 AD3d at 779). However, "[v]ested rights cannot be acquired in reliance upon an invalid permit" (Matter of Astoria Landing, Inc. v New York City Envtl. Control Bd., 148 AD3d 1141, 1143 [internal quotation marks omitted]). "[T]he mistaken or erroneous issuance of a permit does not estop a municipality from correcting errors, even where there are harsh results" (Matter of Parkview Assoc. v City of New York, 71 NY2d 274, 282; see Matter of Astoria Landing, Inc. v New York City Envtl. Control Bd., 148 AD3d at 1143). Here, as the ZBA soundly determined, the permit issued to the petitioner was invalid, since the Town Code plainly sets forth the method for calculating the nonresidential gross floor area according to which the number of required parking spaces is set and pursuant to that method, the required number of spaces exceeded the 557 spaces planned by the petitioner (see Code of the Town of Oyster Bay §§ 246-8.2.1, 246-2.4). Since the permit issued to the petitioner was invalid, it could not have conferred vested rights (see Town of Putnam Val. v Sacramone, 16 AD3d 669, 670).
With respect to the application for a parking variance, in making a determination whether to grant such a variance, the ZBA must weigh enumerated factors and "take into consideration the benefit to the applicant if the variance is granted, as weighed against the detriment to the health, safety and welfare of the neighborhood or community by such grant" (Town Law § 267-b[3][b]; Matter of Colin Realty Co., LLC v Town of N. Hempstead, 24 NY3d 96, 103 [internal quotation marks omitted]). Local zoning boards have broad discretion in considering applications for area variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (see Matter of Ifrah v Utschig, 98 NY2d 304, 308; Matter of Hargraves v City of Rye Zoning Bd. of Appeals, 162 AD3d 1022). "The Supreme Court may not weigh the evidence or reject the choice made by the zoning board 'where the evidence is conflicting and room for choice exists'" (Matter of Sundial Asphalt Co. v Dark, 294 AD2d 585, 586, quoting Matter of Stork Rest. v Boland, 282 NY 256, 267).
Here, contrary to the petitioner's contentions, the ZBA thoroughly weighed the statutory factors and its determination had a rational basis and was not arbitrary and capricious (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 614-615; Matter of Schweig v City of New Rochelle, 170 AD3d 863, 866). The ZBA rationally concluded that the requested variance would exacerbate already difficult traffic and parking conditions on and around the subject property, thereby posing a risk to the health, safety, and welfare of the community which was not outweighed by the benefit to the petitioner from building the additional commercial space (see Matter of Parsome, LLC v Zoning Bd. of Appeals of the Vil. of E. Hampton, 191 AD3d 785; Matter of FCFC Realty LLC v Weiss, 192 AD3d 683, 686; Matter of M & V 99 Franklin Realty Corp. v Weiss, 124 AD3d 783, 786). The testimony of the petitioner's expert witness did not compel a different result, as the ZBA's determination was supported by eyewitness testimony of actual conditions at the premises (Matter of Franklin Sq. Donut Sys., LLC v Wright, 63 AD3d 927, 929).
The petitioner's remaining contentions are without merit.
Accordingly, we reverse the judgment, deny the petition, and dismiss the proceeding.
BARROS, J.P., IANNACCI, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court