Matter of White Birch Circle Realty Corp. v DeChance (2023 NY Slip Op 00216)

Matter of White Birch Circle Realty Corp. v DeChance

2023 NY Slip Op 00216

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-04189
 (Index No. 3228/19)

[*1]In the Matter of White Birch Circle Realty Corp., appellant, 
v
Paul M. DeChance, etc., et al., respondents.

Scheyer & Stern, LLC, Nesconset, NY (Patricia A. Stern of counsel), for appellant.
Annette Eaderesto, Town Attorney, Farmingville, NY (John W. Doyle of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Brookhaven dated May 8, 2019, which, after a hearing, denied the petitioner's application for area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated April 23, 2020. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner, the owner of vacant real property in the Town of Brookhaven, applied to the Town's Board of Zoning Appeals (hereinafter the BZA) for area variances to build a single-family house, with intended access through an unimproved roadway. Specifically, the petitioner sought variances for lot area, lot frontage, front yard setback, rear yard setback, and minimum and total side yard setbacks. After a hearing, the BZA denied the application, and the petitioner commenced the instant CPLR article 78 proceeding to review the BZA's determination. By judgment dated April 23, 2020, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
Local zoning boards have broad discretion in considering variance applications, and judicial review is limited to determining whether the action taken by the board was affected by an error of law, arbitrary and capricious, or an abuse of discretion (see CPLR 7803[3]; Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613; Matter of Harn Food, LLC v DeChance, 159 AD3d 819). A determination of a zoning board should be sustained upon judicial review if it has a rational basis and "the record contains sufficient evidence to support the rationality of the determination" (Matter of Harn Food, LLC v DeChance, 159 AD3d at 820; see Matter of Sasso v Osgood, 86 NY2d 374, 384 n 2).
In considering an application for area variances, Town Law § 267-b(3)(b) requires a zoning board to engage in a balancing test, weighing the benefit to the petitioner against the detriment to the health, safety, and welfare of the neighborhood or community if the area variances are granted (see Town Law § 267-b[3][b]; Matter of Sasso v Osgood, 86 NY2d at 384). In particular, a zoning board must consider: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested [*2]area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Town Law § 267-b[3][b]).
Here, the BZA properly weighed the appropriate factors and there was a rational basis for its conclusion that the detriment to the health, safety, and welfare of the neighborhood outweighed the benefit to the petitioner in granting the requested relief (see Matter of Harn Food, LLC v DeChance, 159 AD3d at 821). The BZA's conclusion that the requested variances would produce an undesirable change in the character of the neighborhood was supported by evidence showing that the proposed development of the petitioner's property did not conform to the surrounding development pattern, since none of the surrounding improved residential lots conformed with the proposal as to lot area and only one nearby lot conformed to the proposed lot frontage. The evidence further demonstrated that certain lots of similar size to the property at issue were created out of necessity due to environmental constraints not present on the petitioner's property. Additionally, the variances requested were substantial, given that six total variances were needed, including lot area and lot frontage variances amounting to 80% and 54% deviations from zoning requirements, respectively. The evidence further showed the availability of feasible alternatives, such as acquisition of adjacent, undeveloped lots.
Accordingly, the BZA's determination was not illegal, arbitrary and capricious, or an abuse of discretion, such that the Supreme Court properly denied the petition and dismissed the proceeding.
The petitioner's remaining contention is without merit.
CONNOLLY, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court