Matter of Bonadonna v Board of Zoning Appeals of the Inc. Vil. of Upper Brookville (2023 NY Slip Op 05257)

Matter of Bonadonna v Board of Zoning Appeals of the Inc. Vil. of Upper Brookville

2023 NY Slip Op 05257

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-08458
 (Index No. 605623/20)

[*1]In the Matter of Phil Bonadonna, appellant, 
v
Board of Zoning Appeals of the Incorporated Village of Upper Brookville, et al., respondents.

Sahn Ward Braff Koblenz PLLC, Uniondale, NY (Andrew M. Roth and Elisabetta T. Coschignano of counsel), for appellant.
Humes & Wagner, LLP, Locust Valley, NY (Peter P. MacKinnon of counsel), for respondent Board of Zoning Appeals of the Incorporated Village of Upper Brookville.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review so much of a determination of the Board of Zoning Appeals of the Village of Upper Brookville dated April 14, 2020, as, after a hearing, denied so much of the petitioner's application as was for fence- and pier-height area variances, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Thomas Rademaker, J.), entered November 5, 2021. The judgment, insofar as appealed from, denied that branch of the petition which was to annul so much of the determination as denied so much of the petitioner's application as was for fence- and pier-height area variances, and dismissed that portion of the proceeding.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The petitioner is the owner of residential property located in the Village of Upper Brookville. The Village's Building Zone Ordinance (hereinafter the ordinance) sets a maximum height for fences, piers, and entry piers on certain properties, including the petitioner's property. The petitioner was issued a building permit allowing him, inter alia, to erect piers and perimeter fencing that conformed with the requirements of the ordinance. After construction was completed, the petitioner sought final approval from the Village's Building Department. The petitioner received a denial letter, informing him, among other things, that the fences, piers, and entry piers exceeded the height restrictions imposed by the ordinance.
In May 2018, the petitioner filed an application for area variances with the Board of Zoning Appeals of the Village (hereinafter the Board). The petitioner sought, inter alia, variances for the maximum height for the fences, nine piers, and four entry piers. After a public hearing, in a determination dated April 14, 2020, the Board, among other things, denied the requested height variances. The petitioner then commenced this proceeding pursuant to CPLR article 78, inter alia, to annul so much of the Board's determination as denied the requested height variances. The Supreme Court denied that branch of the petition and dismissed that portion of the proceeding. The petitioner appeals.
"Local zoning boards have broad discretion in considering variance applications, and judicial review is limited to determining whether the action taken by the board was affected by an error of law, arbitrary and capricious, or an abuse of discretion" (Matter of White Birch Circle Realty Corp. v DeChance, 212 AD3d 729, 730; see CPLR 7803[3]). "Where, as here, a zoning board's determination is made after a public hearing, its determination should be upheld if it has a rational basis and is supported by evidence in the record" (Matter of Ogden Land Dev., LLC v Zoning Bd. of Appeals of Vil. of Scarsdale, 121 AD3d 695, 696).
Pursuant to Village Law § 7-712-b(3)(b), when determining whether to grant an area variance, a zoning board of appeals is required to engage in a balancing test, weighing the benefit of the grant to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (see Matter of Schwartz v LaRocca, 167 AD3d 906, 907). In making this determination, the board must consider the following factors: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created; which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Village Law § 7-712-b[3][b]; see Matter of Kaye v Zoning Bd. of Appeals of the Vil. of N. Haven, 185 AD3d 820, 821). "The zoning board, in applying the balancing test, is not required to justify its determination with supporting evidence for each of the five statutory factors as long as its determination balancing the relevant considerations is rational" (Matter of Humphreys v Somers Zoning Bd. of Appeals, 206 AD3d 1000, 1002 [internal quotation marks omitted]; see Matter of Muller v Zoning Bd. of Appeals Town of Lewisboro, 192 AD3d 805, 807-808).
Here, contrary to the petitioner's contention, the record reflects that the Board engaged in the requisite balancing of interests and considered the appropriate factors pursuant to Village Law § 7-712-b(3)(b) in determining the petitioner's application, and the Board's determination had a rational basis and was supported by the record (see Matter of Massian v Board of Zoning Appeals of the Town of Brookhaven, 210 AD3d 984, 986; Matter of Nataro v DeChance, 149 AD3d 1081, 1082; Matter of Townsend v Zoning Bd. of Appeals of City of Rye, 78 AD3d 851, 852). Although the petitioner introduced evidence that the variances he sought were consistent with conditions existing on neighboring properties, the petitioner introduced no evidence as to whether those comparators existed prior to the enactment of the ordinance, and the Board was permitted to consider that granting the requested variances could set a negative precedent and thereby undermine the existing ordinance (see Matter of Foster v DeChance, 210 AD3d 1085, 1087; Matter of Dutt v Bowers, 207 AD3d 540, 542; Matter of Nataro v DeChance, 149 AD3d at 1082). The Board also rationally concluded that the variances were substantial in nature (see generally Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 614; Matter of White Birch Circle Realty Corp. v DeChance, 212 AD3d at 731). The evidence further showed the availability of feasible alternatives to the requested variances and supported the Board's determination that the petitioner's hardship was entirely self-created, as the fence and piers could have been constructed in compliance with the ordinance's height requirements. Moreover, to the extent that the Board placed particular weight upon the self-created hardship factor in making its determination, it was rational for the Board to do so under the circumstances of this case (see Matter of Neeman v Town of Warwick, 184 AD3d 570, 572; Matter of Becvar v Scheyer, 250 AD2d 842, 843).
Accordingly, so much of the Board's determination as denied the requested height variances was not illegal, arbitrary and capricious, or an abuse of discretion, and the Supreme Court properly denied that branch of the petition which was to annul that portion of the determination and dismissed that portion of the proceeding (see Matter of White Birch Circle Realty Corp. v DeChance, 212 AD3d at 731).
BARROS, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court