Matter of Maldonado v Board of Appeals of the Inc. Vil. of Val. Stream (2025 NY Slip Op 07386)

Matter of Maldonado v Board of Appeals of the Inc. Vil. of Val. Stream

2025 NY Slip Op 07386

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-00578
 (Index No. 610076/23)

[*1]Matter of Rosalyn Maldonado, appellant, 
vBoard of Appeals of the Incorporated Village of Valley Stream, et al., respondents.

Rosalyn Maldonado (Geffner Kersch P.C., Garden City, NY [Alisa J. Geffner], of counsel), appellant pro se.
Jaspan Schlesinger Narendran LLP, Garden City, NY (Christopher E. Vatter, Laurel R. Kretzing, and Daniel K. Cahn of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Incorporated Village of Valley Stream dated April 18, 2023, which, after a hearing, denied the petitioner's application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Conrad D. Singer, J.), entered December 18, 2023. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner is the owner of residential property located in the Village of Valley Stream. The Village's Zoning Code set a maximum height of four feet for side-yard fences. The petitioner was issued a fence permit permitting her to install fencing that conformed with the Zoning Code. However, in contravention of the Zoning Code, the petitioner installed a fence along the boundaries of her property that included a side-yard fence with a height of six feet. Thereafter, the petitioner filed a fence permit application to permit the side-yard fence with a height of six feet, which was denied by the Village. In January 2023, the petitioner filed an application for an area variance with the Village's Board of Appeals (hereinafter the Board) to permit the six-foot-high side-yard fence. After a public hearing, in a determination dated April 18, 2023, the Board denied the petitioner's application for an area variance. In June 2023, the petitioner commenced this proceeding pursuant to CPLR article 78 to annul the Board's determination. In a judgment entered December 18, 2023, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"'Local zoning boards have broad discretion in considering variance applications, and judicial review is limited to determining whether the action taken by the board was affected by an error of law, arbitrary and capricious, or an abuse of discretion'" (Matter of Bonadonna v Board of Zoning Appeals of the Inc. Vil. of Upper Brookville, 220 AD3d 855, 856-857, quoting Matter of White Birch Circle Realty Corp. v DeChance, 212 AD3d 729, 730; see CPLR 7803[3]). "'Where, as here, a zoning board's determination is made after a public hearing, its determination should be upheld if it has a rational basis and is supported by evidence in the record'" (Matter of Bonadonna [*2]v Board of Zoning Appeals of the Inc. Vil. of Upper Brookville, 220 AD3d at 857, quoting Matter of Ogden Land Dev., LLC v Zoning Bd. of Appeals of Vil. of Scarsdale, 121 AD3d 695, 696).
"Pursuant to Village Law § 7-712-b(3)(b), when determining whether to grant an area variance, a zoning board of appeals is required to engage in a balancing test, weighing the benefit of the grant to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted" (id.; see Matter of Schwartz v LaRocca, 167 AD3d 906, 907). In making this determination, the board must consider the following factors: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created; which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Village Law § 7-712-b[3][b]; see Matter of Kaye v Zoning Bd. of Appeals of the Vil. of N. Haven, 185 AD3d 820, 821). "The zoning board, in applying the balancing test, is not required to justify its determination with supporting evidence for each of the five statutory factors as long as its determination balancing the relevant considerations is rational" (Matter of Humphreys v Somers Zoning Bd. of Appeals, 206 AD3d 1000, 1002 [internal quotation marks omitted]).
Here, contrary to the petitioner's contention, the record reflects that the Board engaged in the requisite balancing of interests and considered the appropriate factors pursuant to Village Law § 7-712-b(3)(b) in determining the petitioner's application, and the Board's determination had a rational basis and was supported by the record (see Matter of Seaview Assn. of Fire Is., NY, Inc. v Town of Islip Zoning Bd. of Appeals, 221 AD3d 717, 718-719; Matter of Bonadonna v Board of Zoning Appeals of the Inc. Vil. of Upper Brookville, 220 AD3d at 857). The Board rationally concluded, inter alia, that the requested variance was substantial in comparison to other fences in the vicinity of the petitioner's property, that granting the variance would produce an undesirable change in the character of the neighborhood, that the benefit sought by the petitioner could be achieved by another method, such as landscaping, and that the petitioner's alleged hardship was self-created (see Matter of Massian v Board of Zoning Appeals of the Town of Brookhaven, 210 AD3d 984, 986).
The parties' remaining contentions are without merit.
IANNACCI, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court