Matter of Little Harbor Partners, LLC v Village of Port Jefferson Zoning Bd. of Appeals (2026 NY Slip Op 00510)

Matter of Little Harbor Partners, LLC v Village of Port Jefferson Zoning Bd. of Appeals

2026 NY Slip Op 00510

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2024-04477
 (Index No. 621904/23)

[*1]In the Matter of Little Harbor Partners, LLC, appellant,
vVillage of Port Jefferson Zoning Board of Appeals, respondent.

Nenninger & Associates, P.C., Port Jefferson, NY (Donald J. Nenninger, Jr., of counsel), for appellant.
Kelly A. Doyle, Southampton, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Village of Port Jefferson Zoning Board of Appeals dated August 3, 2023, which, after a hearing, denied the application of the petitioner for certain area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Alison J. Napolitano, J.), dated February 2, 2024. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner applied to the Village of Port Jefferson Zoning Board of Appeals (hereinafter the ZBA) for certain area variances, in effect, to subdivide a parcel of property into two smaller lots. The parcel is comprised of two lots that share a property line. One lot is owned by the petitioner. The other lot is owned by a separate limited liability company, the sole member of which is also the sole member of the petitioner. Those lots had been held in common ownership for a substantial period until the petitioner and the separate limited liability company each purchased one lot in an apparent effort to subdivide the parcel. The proposed lots which would result from the subdivision would not conform with the square-foot requirements of the Village—in this case, lots of a minimum of 20,000 square feet (see Code of Village of Port Jefferson ch 250, Attachment 3).
In a determination dated August 3, 2023, made after a hearing, the ZBA denied the petitioner's application for certain area variances. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"'Local zoning boards have broad discretion in considering variance applications, and judicial review is limited to determining whether the action taken by the board was affected by an error of law, arbitrary and capricious, or an abuse of discretion'" (Matter of Bonadonna v Board of Zoning Appeals of the Inc. Vil. of Upper Brookville, 220 AD3d 855, 856-857, quoting Matter of White Birch Circle Realty Corp. v DeChance, 212 AD3d 729, 730). "'Where, as here, a zoning board's determination is made after a public hearing, its determination should be upheld if it has a rational basis and is supported by evidence in the record'" (id. at 857, quoting Matter of Ogden Land [*2]Dev., LLC v Zoning Bd. Of Appeals of Vil. of Scarsdale, 121 AD3d 695, 696).
"Pursuant to Village Law § 7-712-b(3)(b), when determining whether to grant an area variance, a zoning board of appeals is required to engage in a balancing test, weighing the benefit of the grant to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted" (id.). In making this determination the board must consider the following factors: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than the area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self created; which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Village Law § 7-712-b[3][b]). "The zoning board, in applying the balancing test, is not required to justify its determination with supporting evidence for each of the five statutory factors as long as its determination balancing the relevant considerations is rational" (Matter of Humphreys v Somers Zoning Bd. of Appeals, 206 AD3d 1000, 1002 [internal quotation marks omitted]).
Here, contrary to the petitioner's contention, the record reflects that the ZBA engaged in the requisite balancing of interests and considered the appropriate factors pursuant to Village Law § 7-712-b(3)(b) in determining the petitioner's application. The ZBA's determination had a rational basis and was supported by the record (see Matter of Bonadonna v Board of Zoning Appeals of the Inc. Vil. of Upper Brookville, 220 AD3d at 857). The ZBA rationally concluded that the lot-size variances sought for the proposed lots were substantial in nature. A negative precedent, allowing construction of houses on substandard lots, would have been set by granting the variances (see Village Law § 7-712-b[3][b]). The record further established that the petitioner's hardship was self-created, since the petitioner's sole member was abundantly aware, upon the acquisition of the two lots which comprise the parcel, that those two lots had been held in common ownership and therefore had merged by operation of law (see Code of Town of Brookhaven § 85-2[c][1]).
The petitioner's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding (see Matter of Bonadonna v Board of Zoning Appeals of the Inc. Vil. of Upper Brookville, 220 AD3d at 857).
BARROS, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court