Matter of Bronxville Field Club, Inc. v City of Mount Vernon

2026 NY Slip Op 02835

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Bronxville Field Club, Inc., respondent,

v

City of Mount Vernon, et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2021-01702, (Index No. 50059/20)

Mark C. Dillon, J.P.

Linda Christopher

Barry E. Warhit

Carl J. Landicino, JJ.

Brian G. Johnson, Corporation Counsel (Shanitra Lockett, Anthony Odorisi, and Zarin & Steinmetz, White Plains, NY [Brad K. Schwartz and Lee J. Lefkowitz], of counsel), for appellants.

Silverberg Zalantis LLC, Tarrytown, NY (Katherine H. Zalantis and Christie Tomm Addona of counsel), for respondent.

[*1]

DECISION & ORDER

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Mount Vernon dated November 13, 2019, which affirmed a determination of the Architectural Review Board of the City of Mount Vernon dated April 17, 2019, denying the petitioner's application for a certificate of appropriateness, and action for declaratory relief, the respondents/defendants appeal from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), dated December 15, 2020. The judgment granted the petition, annulled the determination dated November 13, 2019, and declared that the petitioner had a vested right in a certain building permit.

ORDERED that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of the petition/complaint on the merits in accordance herewith.

The petitioner/plaintiff (hereinafter the petitioner) operates a private club and offers recreational amenities, including, as relevant, outdoor tennis courts. In 1999, the petitioner erected a seasonal air-supported structure, described as a bubble, over two of the tennis courts on the subject property. In 2017, the petitioner applied for and was granted a building permit to replace the existing bubble and to erect a second bubble over additional tennis courts. The petitioner was issued a building permit by the respondent/defendant City of Mount Vernon Building Commissioner, inter alia, for the construction of the second bubble. In June 2018, the then-Corporation Counsel for the City of Mount Vernon issued a letter indicating that the building permit was erroneously issued and directing the petitioner to submit, among other things, another application for the construction of the second bubble. In a determination dated April 17, 2019, the Architectural Review Board of the City of Mount Vernon (hereinafter ARB) denied the petitioner's application for a certificate of appropriateness (hereinafter COA) for the second bubble. In a determination dated November 13, 2019, the respondent/defendant Zoning Board of Appeals of the City of Mount Vernon (hereinafter ZBA) affirmed the ARB's determination.

The petitioner thereafter commenced this hybrid proceeding pursuant to CPLR article [*2]78 to review the ZBA's determination and action for declaratory relief. The Supreme Court granted the petition, annulled the determination of the ZBA on the grounds that the ZBA's determination that the ARB had jurisdiction over the matter was an error of law, and declared that the petitioner had a vested right in the 2017 building permit. This appeal ensued.

"'In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, a zoning board's interpretation of its zoning ordinance is entitled to great deference and will not be overturned by the courts unless unreasonable or irrational'" (Matter of Witkowich v Zoning Bd. of Appeals of Town of Yorktown, 133 AD3d 679, 680, quoting Matter of Green 2009, Inc. v Weiss, 114 AD3d 788, 788; see Matter of Save Gansevoort, LLC v City of New York, 158 AD3d 483, 485-486). "A zoning code must be construed according to the words used in their ordinary meaning" (Matter of Witkowich v Zoning Bd. of Appeals of Town of Yorktown, 133 AD3d at 680; see Ford v Fink, 84 AD3d 725, 728). Judicial review is generally limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion (see Matter of Bray v Town of Yorktown Zoning Bd. of Appeals, 151 AD3d 720, 720-721; Matter of Bartolacci v Village of Tarrytown Zoning Bd. of Appeals, 144 AD3d 903, 904).

Contrary to the Supreme Court's determination, the ZBA correctly determined that the ARB had jurisdiction to consider the petitioner's application for a COA. Section 10-5(D)(1) of the Code of the City of Mount Vernon (hereinafter the City Code) provides, inter alia, that the ARB must issue a COA related to the construction of any new structures prior to the issuance of a building permit. Section 267-4 of the City Code defines a "structure" as "[a]nything constructed or erected, the use of which requires location on the ground or attachment to something having location on the ground." The record reflects that the proposed second bubble was a new structure within the meaning of the City Code and that the petitioner described it as such in its application for a COA. Because the 2017 building permit was issued in the absence of a COA, that permit was issued in contravention of the applicable zoning laws and was not valid (see Matter of C & B Realty #3, LLC v Van Loan, 208 AD3d 778, 780; Village of Wappingers Falls v Tomlins, 87 AD3d 630, 631). Contrary to the petitioner's contention, neither the June 2018 letter from the then-Corporation Counsel of the City of Mount Vernon nor this Court's determination in Matter of Bronxville Field Club v Davison (305 AD2d 591) deprive the ARB or the ZBA of jurisdiction over the matter. Accordingly, the ARB and the ZBA had jurisdiction to consider the application (see Matter of Green 2009, Inc. v Weiss, 114 AD3d at 789).

The petitioner also failed to demonstrate that it had vested rights in the invalid building permit. "The doctrine of vested rights is implicated when a property owner seeks to continue to use property, or to initiate the use of property, in a way that was permissible before enactment or amendment of a zoning ordinance but would not be permitted under a new zoning law" (Matter of Exeter Bldg. Corp. v Town of Newburgh, 114 AD3d 774, 778; see Matter of C & B Realty #3, LLC v Van Loan, 208 AD3d at 780). Such "a vested right can be acquired when, pursuant to a legally issued permit, the landowner demonstrates a commitment to the purpose for which the permit was granted by effecting substantial changes and incurring substantial expenses to further the development" (Town of Orangetown v Magee, 88 NY2d 41, 47). However, "[v]ested rights cannot be acquired in reliance upon an invalid permit" (Matter of Astoria Landing, Inc. v New York City Envtl. Control Bd., 148 AD3d 1141, 1143 [internal quotation marks omitted]). "'[T]he mistaken or erroneous issuance of a permit does not estop a municipality from correcting errors, even where there are harsh results'" (Matter of C & B Realty #3, LLC v Van Loan, 208 AD3d at 780, quoting Matter of Parkview Assoc. v City of New York, 71 NY2d 274, 282; see Matter of Westbury Laundromat, Inc. v Mammina, 62 AD3d 888, 890). Here, as the ZBA determined, the 2017 building permit issued to the petitioner was invalid, since the City Code plainly set forth the requirement that the ARB must issue a COA related to the construction of any new structures prior to the issuance of a building permit. Since no COA was issued regarding the construction of the second bubble, the building permit issued to the petitioner was invalid and could not have conferred vested rights (see Matter of C & B Realty #3, LLC v Van Loan, 208 AD3d at 780).

Accordingly, the Supreme Court erred in granting the petition and awarding declaratory relief on the grounds that the ZBA's determination that the ARB had jurisdiction over [*3]the matter was an error of law and that the petitioner had vested rights in the original building permit. Thus, we remit the matter to the Supreme Court, Westchester County, for a new determination of the petition/complaint after consideration of the petitioner's remaining claim, that the ZBA's determination affirming the ARB's denial of the petitioner's application for a COA was arbitrary and capricious and an abuse of discretion.

DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court