Matter of Gez v Town of Greenburgh Zoning Bd. of Appeals

2026 NY Slip Op 03305

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Orly Gez, appellant,

v

Town of Greenburgh Zoning Board of Appeals, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2024-00505, (Index No. 61628/23)

Mark C. Dillon, J.P.

Lara J. Genovesi

Donna-Marie E. Golia

Phillip Hom, JJ.

Bleakley Platt & Schmidt, LLP, White Plains, NY (David H. Chen and Lino Sciarretta of counsel), for appellant.

Joseph A. Danko, Town Attorney, Greenburgh, NY (Edward W. Lieberman of counsel), for respondents.

[*1]

DECISION & ORDER

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Greenburgh dated April 20, 2023, which, after a hearing, denied the petitioner's application to build a single family residence or, in the alternative, for two area variances, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Maurice Dean Williams, J.), dated December 14, 2023. The judgment denied the petition and, in effect, dismissed the proceeding.

ORDERED that the judgment is affirmed, with costs.

The petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Greenburgh (hereinafter the ZBA) dated April 20, 2023. That determination, after a public hearing, denied the petitioner's application to build a single family residence or, in the alternative, for two area variances. In a judgment dated December 14, 2023, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.

"'Local zoning boards have broad discretion in considering variance applications, and judicial review is limited to determining whether the action taken by the board was affected by an error of law, arbitrary and capricious, or an abuse of discretion'" (Matter of Bonadonna v Board of Zoning Appeals of the Inc. Vil. of Upper Brookville, 220 AD3d 855, 856-857, quoting Matter of White Birch Circle Realty Corp v DeChance, 212 AD3d 729, 730). "The Supreme Court may not weigh the evidence or reject the choice made by the zoning board where the evidence is conflicting and room for choice exists" (Matter of Sundial Asphalt Co. v Dark, 294 AD2d 585, 586 [internal quotation marks omitted]; see Matter of C & B Realty #3, LLC v Van Loan, 208 AD3d 778, 780). "'Where, as here, a zoning board's determination is made after a public hearing, its determination should be upheld if it has a rational basis and is supported by evidence in the record'" (Matter of Bonadonna v Board of Zoning Appeals of the Inc. Vil. of Upper Brookville, 220 AD3d at 857, quoting Matter of Ogden Land Dev., LLC v Zoning Bd. Of Appeals of Vil. of Scarsdale, 121 AD3d 695, 696).

In considering applications for area variances, a zoning board must engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the area variances are granted (see Town Law § 267-b[3][b]; Matter of Humphreys v Somers Zoning Bd. of Appeals, 206 AD3d 1000, 1001). "'In making such determination the board shall also consider: (1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some other method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance'" (Matter of Sasso v Osgood, 86 NY2d 374, 382, quoting Town Law § 267-b[3][b]). "The zoning board, in applying the balancing test, is not required to justify its determination with supporting evidence for each of the five statutory factors as long as its determination balancing the relevant considerations is rational" (Matter of Kramer v Zoning Bd. of Appeals of Town of Southampton, 131 AD3d 1170, 1172).

Here, the record demonstrates that the ZBA engaged in the required balancing test and considered the relevant statutory factors, and its determination has a rational basis (see Matter of Humphreys v Somers Zoning Bd. of Appeals, 206 AD3d at 1002).

The petitioner's remaining contention is without merit.

Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding.

DILLON, J.P., GENOVESI, GOLIA and HOM, JJ., concur.

2024-00505 DECISION & ORDER ON MOTION

In the Matter of Orly Gez, appellant, v Town of

Greenburgh Zoning Board of Appeals, et al.,

respondents.

(Index No. 61628/23)

Motion by the respondents, inter alia, in effect, to strike the reply brief on the ground that it improperly raises new arguments for the first time in reply. By decision and order on motion of this Court dated December 13, 2024, that branch of the motion which is, in effect, to strike the reply brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

ORDERED that the branch of the motion which is, in effect, to strike the reply brief is granted to the extent that Point I of the reply brief is deemed stricken and has not been considered on the appeal, and that branch of the motion is otherwise denied.

DILLON, J.P., GENOVESI, GOLIA and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court